IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| TERRY LYNN GREENE, | ) | Civil Action No.: 4:10-cv-70170-RBH |
| | ) | Criminal No.: 4:09-cr-00520-RBH |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Pending before the Court is (1) Terry Lynn Greene's ("Petitioner") *pro se* Motion to Vacate, Set Aside, or Correct Sentence ("Motion to Vacate") pursuant to 28 U.S.C. § 2255, and (2) Respondent's Motion for Summary Judgment. In his Motion to Vacate, the Petitioner asks the Court to grant the following relief: "to set aside current sentence and resentence defendant under offense level 21 and drop the violent crime enhancement of 4 points for assault and battery conviction." *Motion to Vacate,* p. 15. For the following reasons, the Court grants the Respondent's Motion for Summary Judgment and denies the Petitioner's Motion to Vacate.

## I.

## <u>Procedural History and Factual Background</u>

On April 30, 2009, a federal grand jury returned an indictment against the Petitioner. Count One charged the Petitioner with knowingly possessing a firearm, subsequent to having been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) & (e). The Petitioner entered a plea of not guilty at his Arraignment on June 3, 2009. On September 1, 2009, the Petitioner withdrew his plea of not guilty and entered a guilty plea without a plea agreement. At a sentencing hearing held on November 6, 2009, the Court sentenced the Petitioner to 84 months imprisonment. On March 29, 2010, the Petitioner filed

the instant Motion to Vacate [Docket # 41], claiming that his sentence was erroneously enhanced based on a crime of violence, specifically South Carolina's common law crime of assault and battery of a high and aggravated nature ("ABHAN"), which the Sixth Circuit Court of Appeals has deemed "not categorically a crime of violence . . . because ABHAN applies not only to intentional conduct, but also to reckless conduct." *See United States v. McFalls,* 592 F.3d 707, 716 (6th Cir. 2010). On May 28, 2010, the government filed a Response in Opposition and a Motion for Summary Judgment [Docket #s 53 & 52]. An Order filed June 1, 2010, pursuant to *Roseboro v. Garrison,* 528 F.2d 309 (4th Cir. 1975), advised the Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. The Petitioner failed to file a response in opposition to the government's Motion for Summary Judgment. On October 7, 2010, the government submitted a supplemental response [Docket # 57] in light of the evolving case law and to clarify its position regarding the retroactivity and the applicability of *McFalls*, and another *Roseboro* Order was mailed to the Petitioner. Again, the Petitioner failed to file a response in opposition to the government's Motion for Summary Judgment. This matter is ripe for review.

## II.

### Applicable Law

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. In order to move the court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). In deciding a § 2255 motion, the court may summarily dismiss the motion "[i]f it plainly appears from the motion, any attached

2

exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rules Governing Section 2255 Proceedings 4(b); *see* 28 U.S.C. § 2255(b) (a hearing is not required on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief).

### III.

### Legal Standard for Summary Judgment

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2) (2009). The movant has the burden of proving that summary judgment is appropriate. Once the movant makes the showing, however, the opposing party must respond to the motion with "specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

When no genuine issue of any material fact exists, summary judgment is appropriate. *See Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. *Id.* However, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

"[O]nce the moving party has met [its] burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show that there is a genuine issue for trial." *Baber v. Hospital Corp. of Am.*, 977 F.2d 872, 874-75 (4th Cir. 1992). The nonmoving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. *See id.* Rather, the nonmoving party is required to submit evidence

of specific facts by way of affidavits, depositions, interrogatories, or admissions to demonstrate the existence of a genuine and material factual issue for trial. *Celotex Corp.,* 477 U.S. at 322.[1]

**IV.**

**<u>Discussion</u>**

According to the Petitioner, his ABHAN

> conviction in paragraph 28 of his pre-sentence report was erroneously used to enhance [his] federal crime of possession of a firearm by a felon . . . because [he] did not act purposefully or knowingly in causing injury, or otherwise acted recklessly under circumstances manifesting extreme indifference to the value of human life . . . . Therefore [his] sentence is illegal and [he] <u>should not</u> of been given a 4 point enhancement for a crime of violence . . . ."

*Motion to Vacate,* p. 7. Essentially, the Petitioner is challenging the use of his 2001 ABHAN conviction to increase his base offense level from 20 to 24 pursuant to U.S.S.G. § 2K2.1(a)(2). The Petitioner admits that he pled guilty to the South Carolina ABHAN charge because he was guilty of the offense, but claims that he "did not plead guilty in his state case to an intentional crime of violence." *Id.* at 5. Moreover, he does not challenge the fact that he is guilty of being a felon in possession of a firearm as charged in the Indictment: "I plead [sic] guilty to indictment because I was guilty. I'm now appealing my sentence on an erroneous enhancement for a crime of violence, which a new case (U.S. v. McFalls 592 F.3d 707 (6th Cir. 2010)) has decided crimes of violence

---

[1]Although the Petitioner did not respond to the Motion for Summary Judgment, the Court has "an independent responsibility to determine whether judgment as a matter of law is warranted." *United States v. Lambert,* 915 F. Supp. 797, 799 n.1 (S.D.W. Va. 1996) (citing *Custer v. Pan Am. Life Ins. Co.,* 12 F.3d 410, 416 (4th Cir. 1993)). "Thus, the court, in considering a motion for summary judgment, must review the motion, even if unopposed, and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law." *Custer,* 12 F.3d at 416.

need to establish state of mind." *Id.* at 3.[2]  In its Supplemental Response, the government concedes

that it "may have been unable to prove at sentencing whether or not Petitioner's ABHAN conviction

was for an intentional or willful act because the Government did not possess the transcript of the

state guilty plea hearing from Petitioner's ABHAN conviction." *Supplemental Response to Motion*

*to Vacate,* p. 4.  According to the government, "[d]espite this recognition, Petitioner's motion should

be denied because the claim is procedurally defaulted as it was not raised at the district court or

appellate level . . . [and Petitioner] has failed to allege any basis of cause and prejudice for this

procedurally defaulted issue." *Id.*

        "Habeas review is an extraordinary remedy and will not be allowed to do service for an

appeal." *Bousley v. United States,* 523 U.S. 614, 621 (1998) (citations omitted).  Non-constitutional

claims that could have been raised on appeal, but were not, usually may not be asserted in collateral

proceedings. *See United States v. Emanual,* 869 F.2d 795, 795 (4th Cir. 1989).  However, the

Supreme Court has recognized an equitable exception to the bar when a habeas petitioner can

demonstrate (1) "cause" that excuses his procedural default and "actual prejudice" resulting from

the alleged error, or (2)"actual innocence" and that a miscarriage of justice would result from the

refusal of the court to entertain the collateral attack. *See Dretke v. Haley,* 541 U.S. 386, 393 (2004);

*United States v. Maybeck,* 23 F.3d 888, 891 (4th Cir. 1994); *United States v. Mikalajunas,* 186 F.3d

490, 492-93 (4th Cir. 1999).

---

[2]However, *McFalls* is not controlling precedent in this circuit.  Additionally, in an
unpublished case, the Fourth Circuit in *United States v. Jones,* 312 Fed. Appx. 559 (4th Cir.
2009) explicitly found that South Carolina's ABHAN offense is categorically a crime of
violence. *See Jones,* 312 Fed. Appx. at *1.  Nonetheless, the Court need not rule on whether
South Carolina's common law crime of ABHAN is a crime of violence, as the Petitioner's
claim is procedurally defaulted.

In the instant matter, the Petitioner could have challenged the accuracy of classifying his 2001 ABHAN conviction as a crime of violence at his sentencing and on direct appeal, and because he did not do so, his challenge is barred unless he can "show cause and actual prejudice . . . or . . . that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack." *Mikalajunas,* 186 F.3d at 492-93; *see United States v. Pettiford,* 612 F.3d 270, 279 n.7 (4th Cir. 2010). "[A] petitioner cannot establish cause when the facts underlying the claim were in existence and were available upon a reasonably diligent search," and here, the facts underlying the Petitioner's challenge to the classification of his 2001 ABHAN conviction were available at sentencing.[3] *Pettiford,* 612 F.3d at 281 (citing *Rose v. Lee,* 252 F.3d 676, 687 (4th Cir. 2001)). Notably, in his Motion to Vacate, the Petitioner does not even offer a cause as to why he did not raise this challenge at sentencing or on direct appeal. Moreover, any insinuation that a challenge to his 2001 ABHAN conviction's crime of violence status prior to *McFalls* would have been futile does not establish cause. *See id.* ("If we were to accept Pettiford's argument-that cause exists to excuse procedural default where the defendant believes that challenging a predicate sentence would be futile- then there would be no reason for a defendant to challenge his predicate convictions during sentencing, . . . thereby rendering meaningless our longstanding commitment to the finality of judgments."); *see also Bousley,* 523 U.S. at 623 (finding that "futility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time"). The

---

[3]The Petitioner simply argues that he did not intend to cause purposeful harm to his victim. Rather, he states that he had been drinking and "was only interested in defending himself and without thinking, picked up the hoe handle and struck [the victim]. *Motion to Vacate,* p. 5. The Petitioner was aware of these facts at his federal sentencing, but failed to argue that his 2001 ABHAN conviction did not constitute a crime of violence.

Petitioner has not identified any cause for his failure to raise this claim at sentencing or on direct appeal, and the Court cannot excuse his procedural default.

Additionally, any claim of actual innocence by the Petitioner fails.  To succeed on actual innocence grounds,

> "a petitioner must demonstrate actual factual innocence of the offense of conviction, i.e., that petitioner did not commit the crime of which he was convicted; this standard is not satisfied by a showing that a petitioner is legally, but not factually, innocent."  Furthermore, the "movant must show actual innocence by clear and convincing evidence."

*Pettiford* 612 F.3d at 282 (citation omitted).  As the Fourth Circuit stated in *Pettiford,*

> [A] federal sentencing proceeding is not ordinarily an appropriate forum in which to challenge the validity of a prior state conviction.  Whether petitioner is actually innocent of a prior state offense is a claim to be tested through the normal processes of trial and appeal and any appropriate post-conviction proceedings. . . . We earlier noted that the Supreme Court in a trio of cases has counseled against using federal sentencing proceedings as a forum for collateral attacks on state convictions . . . .

*Id.*  "[I]f the prior conviction is no longer open to direct or collateral attack in its own right, then the federal prisoner can do nothing more about his sentence enhancement." *Id.* at 276 (quoting *Daniels v. United States,* 532 U.S. 374, 382 (2001)).

In the instant matter, the Petitioner argues that his base offense level was erroneously increased because he did not plead guilty to an intentional crime of violence when he pled guilty to the 2001 crime of ABHAN.  However, the Petitioner makes no suggestion whatsoever that he did

not actually commit the 2001 ABHAN; in fact, he pled guilty to the crime in state court.[4] Now, he merely makes the legal argument that his 2001 ABHAN conviction should not have been classified as a crime of violence for sentencing purposes. This argument, however, is not cognizable as a claim of actual innocence. Under the reasoning of *Maybeck,* actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from actual factual innocence of the predicate crime, and not from the legal classification of that crime. *See Maybeck,* 23 F.3d at 894; *see also Mikalajunas,* 186 F.3d at 494 (finding that a petitioner is factually innocent if he shows that he "did not commit the crime of which he was convicted"). As such, the Petitioner has failed to establish actual innocence as to his 2001 ABHAN conviction, and the Court cannot excuse his procedural default.

Even assuming, *arguendo,* that the Petitioner's sentence was erroneously enhanced based on his 2001 ABHAN conviction, the Petitioner cannot meet the fundamental miscarriage of justice standard. The increase in the Petitioner's advisory guidelines range pursuant to U.S.S.G. § 2K2.1(a)(2) does not amount to a fundamental miscarriage of justice. The Fourth Circuit has held that

> [b]arring extraordinary circumstances . . . an error in the application of the Sentencing Guidelines cannot by raised in a § 2255 proceeding. Section 2255 provides relief for cases in which 'the sentence was in excess of the maximum authorized by law.' Thus,

---

[4]Because the Petitioner admittedly made a sworn admission of guilt in state court on the 2001 ABHAN charge, he must bear a particularly heavy burden in any attempt to assert actual innocence or a fundamental miscarriage of justice. *See United States v. Ubakanma,* 215 F.3d 421, 424-25 (4th Cir. 2000) (finding that, in context of motion to withdraw guilty plea, defendant could not credibly assert his innocence because he had pled guilty); *United States v. Abdelhadi,* 327 F. Supp. 2d 587, 595 (E.D. Va. 2004) ("Even in the face of some evidentiary support, however, a defendant often cannot credibly assert his innocence when he clearly admitted his guilt during the plea colloquy . . . .").

8

> while § 2255 applies to violations of statutes establishing maximum
> sentences, it does not usually apply to errors in the application of the
> Sentencing Guidelines."

*United States v. Pregent,* 190 F.3d 279, 284 (4th Cir. 1999); *see Mikalajunas,* 186 F.3d at 496

(holding that a misapplication of the guidelines typically does not constitute a miscarriage of justice

and concluding that appellees' claim that the district court erred in enhancing their offense levels

is merely an allegation of an ordinary misapplication of the guidelines that does not amount to a

miscarriage of justice).  Notably, even with the enhancement to the Petitioner's base offense level,

the Petitioner's sentence of 84 months was well below the statutory maximum of 10 years

imprisonment.  As such, in keeping with *Pettiford* and *Mikalajunas,* the Petitioner's Motion to

Vacate is denied, as he has not alleged any cause to excuse his procedural default; he has failed to

establish actual innocence of the predicate South Carolina ABHAN conviction; and any alleged

misapplication of the Sentencing Guidelines does not amount to a fundamental miscarriage of

justice.

## V.

## <u>Certificate of Appealability</u>

A certificate of appealability will not issue absent "a substantial showing of the denial of a

constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that

reasonable jurists would find that the district court's assessment of the constitutional claims is

debatable or wrong and by demonstrating that any dispositive procedural ruling by the district court

is debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473,

484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In the instant matter, the Court finds

that the Petitioner has failed to make "a substantial showing of the denial of a constitutional right."

## VI.

## Conclusion

Having thoroughly reviewed the entire record and the applicable law, the Court finds that the Petitioner has not shown that (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).  The Petitioner's claim for relief is without merit, and no evidentiary hearing is needed.  Moreover, the Petitioner has failed to establish a genuine issue of material fact, and the government is entitled to judgment as a matter of law.

Based on the foregoing, it is **ORDERED** that the Petitioner's Motion to Vacate [Docket # 41] is **DENIED**, and the government's Motion for Summary Judgment [Docket # 52] is **GRANTED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
December 10, 2010